UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-325-GWU


GARY L. LOMAN,                                                                          PLAINTIFF,


VS.                                    **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.


**INTRODUCTION**

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the Court on cross-motions

for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)? If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities?  If yes, proceed to

1

Loman

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

Loman

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

3

Loman

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine:  (1)
> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment.  The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.

1987).  Further, a failure to seek treatment for a period of time may be a factor to be

considered against the plaintiff, Hale v. Secretary of Health and Human Services,

816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Loman

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Loman

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

6

Loman

such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Loman, a 51 year-old former auto assistant, donut shop worker, steel factory worker, state facility worker, paint company worker and patrolman with a high school education, suffered from impairments related to the residuals of a cervical discectomy/fusion, an affective disorder and a somatoform disorder.  (Tr. 16, 20).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 26).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 27).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 25).

The time frame relevant to this appeal is important.  Loman alleges a disability onset date of December 5, 2001 on his DIB application.  (Tr. 77).  The

7

Loman

plaintiff filed a prior DIB application in April of 2002.  (Tr. 42).   In a decision dated

March 24, 2004, an ALJ determined that the claimant qualified for a closed period

of DIB between December 5, 2001 and January 29, 2003.  (Tr. 51).  As of January

30, 2003, Loman was found to have experienced medical improvement in his

condition and could perform a restricted range of light level work.  (Tr. 51).  The ALJ

on the current application did not reopen this decision.  (Tr. 15).  Thus, the pertinent

time period for the purposes of the plaintiff's DIB application runs from the March

25, 2003 date following the most recent denial decision through the January 5, 2006

date of the current administrative decision.[1]

After review of the evidence presented, the undersigned concludes that the

administrative decision is not supported by substantial evidence.  However, the

current record also does not mandate an immediate award of Social Security

Benefits.  Therefore, the Court must grant the plaintiff's summary judgment motion,

in so far as it seeks a remand of the action for further consideration, and deny that

of the plaintiff.

Katherine Bradford testified at the current administrative hearing as a

vocational expert.  The hypothetical question presented to Bradford included an

---

[1]The proper inquiry in an application for SSI is whether the plaintiff was disabled
on or after the date of the application.  Casey v. Secretary of Health and Human
Services, 987 F.2d 1230, 1233 (6th Cir. 1993).  Thus, the relevant time period for SSI
purposes runs from the April 23, 2004 filing date through the date of the denial decision.

Loman

exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to ever crawl and climb ladders, ropes, or scaffolds; (2) an inability to ever perform repetitive bending or twisting of the neck; (3) a need to avoid exposure to vibration as well as to avoid work at unprotected heights or around hazardous or moving machinery; (4) an inability to ever perform overhead reaching or gross manipulation with the left hand; (5) an inability to more than occasionally balance, kneel, squat, stoop, bend, crawl or climb stairs and ramps; and (6) a restriction to work allowing one to alternate between sitting or standing at will. (Tr. 412).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 413).  However, Bradford stated that these jobs require one to maintain position for at least 15 to 30 minutes and indicated that anything more frequent would preclude all jobs.  (Tr. 413).  The ALJ later added mental limitations including a restriction to jobs requiring only simple instructions and a limitation to an object-focused environment in which changes are infrequent ad only gradually introduced.  (Tr. 414).  Bradford reported that these additional factors would reduce the available job numbers by 30 to 40 percent but that a significant number of jobs would still be available.  (Tr. 414).  The ALJ relied upon  this testimony to support the administrative decision.  (Tr. 25).

The problem with Bradford's testimony concerns the fact that in response to the actual hypothetical question she was asked, which included a sit/stand at will

Loman

option, she specifically stated that no jobs would be available.  The jobs she cited require one to remain in position for 15 to 30 minutes at a time and, so, one cannot sit or stand at will in them.  Thus, her testimony does not support the administrative decision.

The Court notes that Bradford's opinion that no jobs would be available to one requiring a sit/stand at will option is contradicted by Vocational Expert William Ellis.  Ellis testified at an administrative hearing held on January 22, 2004 in connection with the processing of the prior DIB application.  The hypothetical question presented to Ellis was essentially consistent with all of the physical factors of the hypothetical question presented to Bradford, including an at will sit or stand option.  (Tr. 443).  Ellis identified a significant number of jobs which could be performed with a sit/stand at will option.  (Tr. 444).  However, the testimony of Ellis cannot provide an alternative ground to support the administrative decision because he did not consider any mental restrictions.[2]  Ellis identified such jobs as office clerk, information clerk, file clerk, data examination clerk, reservation clerk, and dispatcher (Tr. 444) while Bradford cited production inspector, hand packer and grader/sorter (Tr. 413).  The jobs cited by Ellis appear rather different from those cited by Bradford and might not be available to one experiencing the mental difficulties found

---

[2]The ALJ found that "new and additional evidence" did support the existence of mental restrictions on the current application (Tr. 16), a finding not made in the prior denial decision.

Loman

by the current ALJ.  Therefore, vocational testimony does not support the current ALJ's decision.

Loman was found capable of performing a restricted range of light level work, including the need for a sit/stand at will option, in the administrative decision which became final on March 24, 2003.  (Tr. 51).  Principles of <u>res judicata</u> require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.   <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..."  The current ALJ specifically concluded that no "new and additional evidence" had been presented suggesting either improvement or deterioration of the plaintiff's physical condition since the prior denial decision.  (Tr. 16).  Thus, the ALJ was required to follow the prior ALJ's residual functional capacity finding with regard to the plaintiff's physical condition. Since the jobs cited by Bradford would not be available under this assessment, they do not support the administrative decision and a remand of the action for further consideration is required.

Loman

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 2nd day of May, 2007.

**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**